UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

| | | |
|---|---|---|
| CURTIS O. JACKSON, #282320, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-1297 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CATHY STODDARD, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C § 1983. Plaintiff is in the custody of the Michigan Department of Corrections ("MDOC"), presently housed at the Marquette Branch Prison. At the times relevant to his pro se complaint, however, plaintiff was lodged at the Ionia Correctional Facility (ICF). Plaintiff was classified at ICF as a Level V prisoner, a classification reserved for the prison system's most dangerous or unmanageable prisoners. Plaintiff's complaint alleges infringement of his civil rights, alleging violations of the First and Eighth Amendments of the United States Constitution. Defendants are ICF former Warden Cathleen Stoddard, Captain Frederick Hogle, Corrections Officers Rebecca Wood and Matthew Wellman, Librarian Joe Novak and Inspector Khris Nevins.

Plaintiff's core claims arise under the Eighth Amendment. He alleges that while housed in segregation at ICF, he received powdered toothpaste instead of regular toothpaste; was required to share razors with other segregation prisoners; and was housed in a cell infested with rodents, dirty water, and backed up toilets. He further asserts that he was denied cleaning supplies

and that  the ventilation was poor. Plaintiff alleges  that in response to his complaints about the conditions of his confinement, all defendants began to retaliate against him. In particular, he alleges that Warden Stoddard refused to answer his Step II grievances and instructed Capt. Hogle to confiscate his grievances and complaints complaining about prison conditions.  Plaintiff also alleges that Capt. Hogle and Librarian Novak began denying him access to the law library and destroyed his requests for legal materials. Plaintiff  alleges that C/Os Wood and Wellman acted in concert with Capt. Hogle to search his cell and to destroy his grievances and complaints about prison conditions. In addition, he alleges that C/Os Wood and Wellman denied him meals.

Asserting an access-to-court claim, plaintiff  alleges that Warden Stoddard and C/O Wellman prevented him from participating in a video hearing with the Crawford County Probate Court on September 12, 2013, and that C/O Wellman prevented him from participating in a video hearing with the 47th District Court on July 24, 2013.  Finally, plaintiff alleges that Capt. Hogle and Inspector Nevins interfered with his religious practices by destroying his prayer rug, "Star David necklace," Torah and Kosher products.   In addition, they restricted his receipt of religious correspondence from Jewish believers and organizations. Plaintiff sues all defendants in their personal and official capacities, seeking $200,000 in compensatory and punitive damages, as well as injunctive relief against Warden Stoddard.

Plaintiff has filed several motions, which the court will now take up in turn.

A.   **Motion For Preliminary Injunction**

Plaintiff has moved for a preliminary injunction or temporary restraining order, asking that the court direct defendants to place him in "an environment where he is not subjected to drinking

contaminated water, subjected to inhaling fumes from the ventilation, subjected to sharing razors with other prisoners," and other allegedly inhumane conditions prevailing at ICF.  Summing up the relief requested, plaintiff states:  "In other words, the court should order plaintiff to be transferred to another prison facility."  After plaintiff filed his motion for preliminary injunction, he was granted relief, not by the court, but by the MDOC.  Plaintiff was transferred to the Marquette Branch Prison, where he is now housed.  (*See* Plaintiff's Notice of Change of Address, docket # 41).

It is well settled that a prisoner's transfer to a different facility moots his claims arising from the particular conditions of confinement at his former prison.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).  The claims in plaintiff's complaint are specific to the conditions at ICF and do not allege systemic problems applicable to all MDOC facilities.  Under binding Sixth Circuit authority, plaintiff's motion for a preliminary injunction (docket # 17) must be dismissed as moot.  For the same reason, plaintiff's motion to expedite consideration of his request for injunctive relief (docket # 28) is also moot. Finally, his motion to compel defendant Novak (the ICF librarian) to grant plaintiff access to a law library (docket # 24) is moot, as plaintiff is no longer housed in a facility in which Novak exercises any authority.

### B.    Motions Regarding Appointment of Counsel

On April 21, 2014, this matter was referred to Magistrate Judge Ellen S. Carmody, who oversees the court's Pro Bono Appointment Program.  The purpose of the reference was to allow Judge Carmody to explore the willingness of attorneys on the Pro Bono panel to represent plaintiff.  At the request of Judge Carmody, Professor Daniel Manville, the Director of the Civil

Rights Clinic of the Michigan State University College of Law, interviewed plaintiff and investigated his case.  After doing so, Professor Manville declined the proffered representation.  Judge Carmody was unsuccessful in finding an attorney willing to accept the prosecution of plaintiff's case on a pro bono basis.

In response to the court's order and Professor Manville's visit, plaintiff filed two motions.  The first is captioned "Motion for Clarification and/or Guidance" (docket # 35) and the second is a motion seeking to compel Professor Manville and the MSU Clinic to undertake plaintiff's case. (docket # 39).  In these motions, plaintiff confirms that Professor Manville informed him that he would not be accepting the case.  Plaintiff nevertheless requests that Professor Manville or another attorney undertake the case.

The court's authority to provide pro bono counsel to indigent plaintiffs is provided by 28 U.S.C. § 1915(e), which merely states that the court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  The Supreme Court has authoritatively held that this statute does not allow a district court to compel an unwilling attorney to take on a civil case.  *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301 (1989).  As the statute envisions, the court has requested that attorneys undertake representation of plaintiff on a pro bono basis, but the court's efforts have not been successful.  This leaves plaintiff in the same situation as virtually every other pro se litigation in this court, as the Pro Bono Program is only able to arrange for counsel in a few cases every year.

The court cannot coerce Mr. Manville to accept plaintiff's representation, and the court has exhausted its limited resources with regard to other counsel.  Plaintiff's motion for guidance and his motion to compel appointment of counsel will therefore be denied.

-4-

C.    **Discovery Motion**

Plaintiff has moved to compel discovery from defendants. The motion seeks to determine the adequacy of the requests for admissions directed to defendant Hogle and seeks to compel production of five categories of documents. As required by the Local Rules of this court, plaintiff has attached to his discovery motion a copy of the contested questions and answers.

Under Fed. R. Civ. P. 36(a)(6), a requesting party may move to determine the sufficiency of an answer or objection to requests for admissions. The court has reviewed defendant Hogle's responses to plaintiff's first requests for admissions (ID#s 475-77) and finds the answers to be adequate. Plaintiff's principal complaint is that the answers were not signed by Hogle and were not made under oath, but were signed instead by Hogle's attorney. Rule 36, however, does not require answers to requests for admissions to be filed under oath, and the rule specifically allows the answer to be signed "by the party or its attorney." FED. R. CIV. P. 36(a)(3). Defendant Hogle has complied with the requirements of Rule 36, and plaintiff is not entitled to relief.

Plaintiff also seeks to compel production of six categories of documents called for in his first request for production of documents. Upon review of the questions and answers, the court finds them to be premature under the Standard Case Management Order. The court's Standard Case Management Order, which is applicable to all prisoner civil rights cases, provides that when a defendant has moved for summary judgment on the sole ground of failure to exhaust administrative remedies, a plaintiff may conduct discovery for a 45-day period, but the discovery is limited to the issue of exhaustion. Plaintiff's requests for production of documents are not directed to the exhaustion defense, but to the merits of his case. The court therefore declines to review the

discovery dispute at this point.  If defendant's motion for summary judgment is denied, plaintiff may renew his motion to compel production of documents.


Dated:   June 24, 2014                            /s/  Joseph G. Scoville_____
                                                  United States Magistrate Judge

-6-