UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CURTIS O. JACKSON, #282320, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-1297 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| CATHY STODDARD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought *pro se* by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Gus Harrison Correctional Facility. This lawsuit arises out of conditions of his confinement in between April 2013 and June 2014, when plaintiff was an inmate housed in administrative segregation at the Ionia Maximum Correctional Facility (ICF). Plaintiff named Warden Cathleen Stoddard,[1] Captain Fred Hogle, and Librarian Joe Novak as defendants. Plaintiff alleges that Warden Stoddard provided him with "tooth powder" rather than toothpaste in violation of his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. He alleges that defendants Novak and Hogle "retaliated" against him violated his First

---

[1] Warden Stoddard retired on May 31, 2015. (ECF No. 83-3, PageID.730).

Amendment rights by destroying forms requesting unspecified law library books. Plaintiff seeks an award of damages against defendants in their individual capacities.[2]

On July 27, 2016, defendants filed a motion for summary judgment. (ECF No. 82). Plaintiff has filed his response. (ECF No. 88). For the reasons set forth herein, defendants' motion for summary judgment will be granted and judgment will be entered in favor of defendants on all plaintiff's claims.

## Applicable Standards

### A. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Griffin v. Hardrick*, 604 F.3d 949, 953 (6th Cir. 2010). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec.*

---

[2]All of plaintiff's claims for damages against defendants in their official capacities were dismissed with prejudice on February 29, 2016, because those claims are barred by Eleventh Amendment immunity. (ECF No. 70, PageID.665).

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pluck v. BP Oil Pipeline Co.*, 640 F.3d 671, 676 (6th Cir. 2011).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see LaQuinta Corp. v. Heartland Properties LLC*, 603 F.3d 327, 335 (6th Cir. 2010).

    B.    Qualified Immunity

Defendants argue that they are entitled to summary judgment on plaintiff's claims against them on the basis of qualified immunity. "Once [an] official[] raise[s] the qualified immunity defense, the plaintiff bears the burden to 'demonstrate that the official [is] not entitled to qualified immunity.'" *LeFever v. Ferguson*, 645 F. App'x 438, 442 (6th Cir. 2016) (quoting *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006)); *see Hermansen v. Thompson*, No. 16-6197, __ F. App'x __, 2017 WL 438225, at *3 (6th Cir. Feb. 1, 2017).

"A government official sued under section 1983 is entitled to qualified immunity unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014); *see Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015); *Lane v. Franks*, 134 S. Ct. 2369, 2381 (2014). The first prong of qualified immunity analysis is whether the plaintiff has alleged facts showing that each defendant's conduct violated a constitutional or statutory right. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). The second prong is whether the right was "clearly established" at the time of the defendant's alleged misconduct. *Id.* Trial courts are permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *See English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is

-4-

distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. At the summary judgment stage, "the plaintiff must, at a minimum, offer sufficient evidence to create a 'genuine issue of fact,' that is, 'evidence on which a jury could reasonably find for the plaintiff.'" *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016); *see Holsey v. Wieber*, 811 F.3d 844, 846 (6th Cir. 2016); *see also Zuhl v. Haskins*, 652 F. App'x 358, 361(6th Cir. 2016).

In *Brosseau v. Haugen*, the Supreme Court examined the underlying purpose of the requirement that the law be clearly established:

> Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, misapprehends the law governing the circumstances she confronted....Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct. If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation.

543 U.S. 194, 198 (2004); *see also Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) ("The dispositive question is whether the violative nature of the particular conduct is clearly established.") (citation and quotation omitted); *City & County of San Francisco, Calif. v. Sheehan*, 135 S. Ct. 1765, 1774 (2015) ("An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in his shoes would have understood that he was violating it, meaning

that existing precedent placed the statutory or constitutional question beyond debate.") (citations and quotations omitted). Qualified immunity is an immunity from suit rather than a mere defense to liability. *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2019 (2014).

The Supreme Court has repeatedly held that the second prong of the qualified immunity analysis " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " *Brosseau v. Haugen*, 543 U.S. at 198 (quoting *Saucier v. Katz*, 533 U.S. at 201); *see White v. Pauly*, 137 S. Ct. 548, 552 (2017). Moreover, courts are "not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the official acted reasonably in the particular circumstances that he or she faced." *Plumhoff v. Rickard*, 134 S. Ct. at 2023 (citations and quotations omitted); *see White v. Pauly*, 137 S. Ct. at 552.

"The burden of convincing a court that the law was clearly established 'rests squarely with the plaintiff.' " *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (quoting *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)); *see Shreve v. Franklin County, Ohio*, 743 F.3d 126, 134 (6th Cir. 2014); *T. S. v. Doe*, 742 F.3d 632, 635 (6th Cir. 2014). The burden applies to each claim that the plaintiff is asserting against a defendant. *See Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015).

## Facts

The following facts are beyond genuine issue. Plaintiff is an inmate held in the custody of the Michigan Department of Corrections (MDOC) on criminal convictions.

Plaintiff was an inmate housed in administrative segregation at the Ionia Maximum Correctional Facility (ICF). The defendants were MDOC employees at ICF.

Captain Hogle's job duties on March 28, 2013, included conducting shakedowns of prisoner's cells to ensure that they were not hiding contraband.[3] On March 28, 2013, he conducted a search of plaintiff's cell. The search was not conducted because plaintiff had filed grievances. It was conducted because plaintiff had been sending mail to the home addresses of prison staff members. This personal contact with staff members at their home addresses was not desired by the recipients. Captain Hogle's search revealed that plaintiff was in the possession of the home addresses and social security numbers of various MDOC employees. Plaintiff also had a detailed map of the Benton Harbor area. (ECF No. 83-4, PageID.742-43). Captain Hogle issued a misconduct charge against plaintiff. (ECF No. 83-4, PageID.745). On April 5, 2013, a hearing officer found plaintiff guilty of the charged misconduct and sentenced him to twenty days of detention. (ECF No. 83-4, PageID.744).

On May 2, 2013, plaintiff was charged with misconduct regarding the theft of an ICF library book valued at $191. (ECF No. 83-5, PageID.749). On May 29, 2013, plaintiff was found guilty of the misconduct, charged $191 in restitution, and lost privileges for twenty days. (ECF No. 83-5, PageID.750). Librarian Novak was not aware of any grievance that plaintiff may have filed. He would have taken the same

---

[3]Captain Hogle has also retired. (ECF No. 83-4, PageID.742).

actions regardless of any grievances that plaintiff may have filed. (ECF No. 83-5, PageID.748).

A few months after being found guilty of the aforementioned misconduct charges, plaintiff filed this lawsuit. Among plaintiff's claims were claims that Captain Hogle and Librarian Novak retaliated against him by destroying his requests for unspecified law books. Plaintiff states that on one occasion he "had to steal a law book from the library in order to research [his] civil case."[4] (ECF No. 85-1, PageID.773). Plaintiff has filed grievances during his incarceration. (ECF No. 83-2, PageID.728).

ICF's administrative segregation prisoners are provided with tooth powder rather than toothpaste. They are among the state's most incorrigible and least manageable prisoners. Such prisoners are not entrusted with toothpaste tubes because they have been known to put foreign substances such as feces and urine into toothpaste tubes and then use the tubes to squirt the substance out at prison staff members as they attempt to walk past cells on their rounds. Warden Stoddard authorized segregation prisoners to have tooth powder because it did not come in a tube, so the potential use of the tube as a weapon was eliminated. Further it was Ms. Stoddard's understanding that tooth

---

[4]There is no access to court claim at issue in this lawsuit. In any event, there is no "abstract, freestanding right to a law library." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Further, plaintiff has not presented evidence of any "actual injury" in a habeas corpus or other action challenging the convictions forming the basis of his incarceration or any civil action under section 1983 to vindicate basic constitutional rights. *Id*. at 354.

powder was an effective means for prisoners to clean their teeth, which is why prisoners were authorized to have it. (ECF No. 83-3, PageID.731, 733-34, 739).

Plaintiff's dental records do not document any serious dental condition. (ECf No. 86-3, PageID.752). Plaintiff states that tooth powder "caused his gums to burn, plaque, and bad breath." (ECF No. 85-1, PageID.772). He also expresses a concern, unsupported by any objective medical or dental evidence, that continuous use of tooth powder could subject him to "future harm, such as a disease." (*Id.*).

Plaintiff states that, on at least four unspecified occasions between January 2013 and June 2014, he spoke to Warden Stoddard while she was making rounds through ICF's segregation unit. Plaintiff states that he complained about cell conditions and tooth powder. Stoddard purportedly responded that she did not think that tooth powder was a hazard to plaintiff's health.[5] (ECF No. 83-2, PageID.726).

## Discussion

I.   **Plaintiff's Arguments Unrelated to the Merits of Defendants' Motion**

Plaintiff argues that defendants' motion for summary judgment should be denied because it is not authorized under the case management orders. (ECF No. 85, PageID.757). Defendants' earlier motion for summary judgment (ECF No. 21) was based on the affirmative defense that plaintiff failed to exhaust his administrative

---

[5] Stoddard states in her affidavit that she was not aware that plaintiff had any specific issues regarding tooth powder. (ECF No. 83-3, PageID.731). Plaintiff's version must be accepted for present purposes, however.

remedies as required by 42 U.S.C. 1997e(a). The amended case management order specifies that a motion for summary judgment based on the lack of exhaustion "does not count towards the number of summary judgment motions authorized[.]" (ECF No. 71, PageID.669-70). Defendants' motion for summary judgment directed to the merits of plaintiff's claims is not a successive motion. Defendants' motion for summary judgment is authorized under the Court's amended case management order. (*Id.*).

Next, plaintiff invokes Rule 56(d) "to allow plaintiff time to take discovery, and allow the Court time to correct [its] error of denying appointment of counsel." (ECF No. 85, PageID.757). There was no error in denying plaintiff's appointment of counsel.[6] Plaintiff had 120 days under the amended case management order to conduct discovery on the merits of his claims against defendants (*see* ECF No. 71, PageID.669) and plaintiff apparently did nothing. The Court finds no reason to delay its ruling in this long-pending case.

## II.    **Warden Stoddard**

### A.    Eighth Amendment

Plaintiff claims that Warden Stoddard violated his rights under the Eighth Amendment's Cruel and Unusual Punishments Clause by providing him with tooth powder rather than toothpaste. Plaintiff's dissatisfaction with the specific dental hygiene product he received is not a claim of constitutional dimension. *See, e.g.*, *Denhof*

---

[6]Plaintiff's most recent series of motions regarding appointment of counsel are addressed in an accompanying order.

*v. Michigan*, No. 1:14-cv-2014, 2014 WL 3401985, at *9-10 (W.D. Mich. July 10, 2014). The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (*per curiam*) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

  The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Minor and temporary inconveniences do not suffice. *See Annabel v. Michigan Dep't of Corr.*, No. 1:14-cv-756, 2014 WL 4187675, at *17 (W.D. Mich. Aug. 21, 2014) (collecting cases); *Denhof v. Michigan*, 2014 WL 3401985, at *10; *accord Hardy v. Jail*, 1:17-cv-20, 2017 WL 405597, at *5 (W.D. Mich. Jan. 31, 2017) ("Placement in segregation is a routine discomfort that is 'part of the penalty that criminal offenders pay for their offenses against society.' ") (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) and *Rhodes*, 452 U.S. at 347). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In order for a prisoner to prevail on an Eighth Amendment claim, he must show

-11-

that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with " 'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)); *accord Flanory v. Bonn*, 604 F.3d 249, 256 (6th Cir. 2010); *Sango v. Lewis*, No. 1:14-cv-342, 2014 WL 3574315, at *9 (W.D. Mich. July 18, 2014).

The Court finds that Warden Stoddard is entitled to judgment in her favor as a matter of law on plaintiff's claims that she was deliberately indifferent to his serious dental needs by providing him with tooth powder rather than toothpaste. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard. Under *Wilson*, a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. No reasonable trier of fact could find in plaintiff's favor on either component of Eighth Amendment claims against defendant Stoddard.

Plaintiff attempts to overcome the absence of evidence that he suffered actual injury by characterizing his claim as a claim of an "unreasonable risk of future harm by the use of toothpowder." (ECF No. 85, PageID.761) (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Plaintiff has presented no objective evidence that use of tooth powder poses any long term health risks akin to the extreme exposure to second-hand smoke that the Supreme Court considered in *Helling*. Plaintiff has presented no medical or scientific evidence. His unsupported belief that tooth powder is dangerous is not sufficient to survive Warden Stoddard's motion for summary judgment.

Plaintiff likewise falls far short of presenting evidence on the subjective component of an Eighth Amendment claim to survive defendants' motion for summary judgment. The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. A prison official cannot be found liable for denying an inmate humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety."

511 U.S. at 837.  The Sixth Circuit's decision in *Miller v. Calhoun County*, 408 F.3d 803 (6th Cir. 2005), summarized the subjective component's requirements:

> The subjective component, by contrast, requires a showing that the prison official possessed a sufficiently culpable state of mind in denying medical care. Deliberate indifference requires a degree of culpability greater than mere negligence, but less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result. The prison official's state of mind must evince deliberateness tantamount to intent to punish. Knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference. Thus, an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Miller*, 408 F.3d at 813 (citations and quotations omitted).  Where a prisoner has received some medical or dental care and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second-guess medical judgments and constitutionalize claims which sound in state tort law.  *See Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011); *Westlake*, 537 F.2d 860 n.5; *Reed v. Speck*, No. 12–5172, 2012 WL 6176846, at *3 (6th Cir. Dec.11, 2012) ("The subjective component is intended 'to prevent the constitutionalization of medical malpractice claims.' ") (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d at 550)).

Plaintiff has not presented evidence sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to serious medical needs against Warden Stoddard. The record shows that plaintiff received dental care at a level exceeding that available to most free citizens.  Plaintiff presents nothing

approaching his evidentiary burden on a risk of future injury claim. He was not only required to present objective evidence that exposure to tooth powder unreasonably endangered his future health, he was also required to present evidence on which a reasonable jury could find "that it is contrary to current standards of decency for anyone to be so exposed against his will and that [defendant Stoddard was] deliberately indifferent to his plight." *Helling*, 509 U.S. at 35.

B.  Qualified Immunity

Plaintiff argues that defendant Stoddard is not entitled to qualified immunity. (ECF No. 85, PageID.764-65). Plaintiff cites three cases in support of his argument that Warden Stoddard's actions violated his clearly established Eighth Amendment rights: *Helling v. McKinney*, 509 U.S. 25 (1993); *Fisher v. Harden*, 398 F.3d 837 (6th Cir. 2005) and *Harris v. Stoddard*, 1:13-cv-543 (W.D. Mich.). The Supreme Court's decision in *Helling* did not clearly establish the right that plaintiff claims. It did not establish any constitutional rights with regard to tooth powder or toothpaste. Rather, it was an Eighth Amendment claim based on exposure to environmental tobacco smoke (ETS) from a cell mate "who smoked five packs of cigarettes a day." 509 U.S. at 28.

*Fisher v. Harden*, involved a Fourth Amendment mental health seizure of a non-prisoner in response to an attempted suicide report. 398 F.3d at 839-49. It did not clearly establish the Eighth Amendment right that plaintiff claims.

In making the determination whether the right was clearly established at the time in question, this Court must look to Supreme Court and the Sixth Circuit decisions, and on occasion, decisions from other circuits. *See Hermansen*, 2017 WL 438225, at *3. Because the "existing precedent must have placed a statutory or constitutional question beyond debate," *see White v. Pauly*, 137 S. Ct. at 551, a district court decision will rarely, if ever, suffice. *Harris v. Stoddard*, is not that rare case. *Harris* did not involve any viable Eighth Amendment claim, much less did it clearly establish an ICF segregation prisoner's constitutional right under the Eighth Amendment's Cruel and Unusual Punishments Clause to be provided with toothpaste rather than tooth powder.

Plaintiff has not demonstrated that Warden Stoddard's actions violated his clearly established Eighth Amendment rights. Generalized assertions do not suffice. *White v. Pauly*, 137 S. Ct. at 551-52; *Plumhoff v. Rickard*, 134 S. Ct. at 2023. The Court finds that defendant Stoddard is entitled to qualified immunity.

## III.  Captain Hogle and Librarian Novak

### A.  First Amendment

Plaintiff claims that Captain Hogle and Librarian Novak retaliated against him by destroying his law library book request forms on unspecified dates. Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a

person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. In the context of a motion for summary judgment, the causation element is evaluated pursuant to the burden-shifting standard articulated by the Supreme Court in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). See *Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Pursuant to this standard, plaintiff must show that his protected conduct was a motivating factor in defendant's action. Even if plaintiff makes such a showing, defendant is entitled to summary judgment if he demonstrates that he would have taken the same action in the absence of the protected conduct. *Id.*

The filing of a prison grievance is generally constitutionally-protected conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Frivolous grievances, however, are not constitutionally-protected conduct. *See Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). While a prisoner has a First Amendment right to file grievances against prison officials, if a prisoner violates a legitimate prison regulation, he is not engaged in protected conduct, and cannot proceed beyond step one. Thus, while a prisoner may have a right to file grievances against prison officials, he cannot exercise that right in a manner that violates legitimate prison regulations or penological objectives. *See Lockett*, 526 F.3d at 874; *Smith v. Campbell*, 250 F.3d at 1037. "Abusive or manipulative use of a grievance system [is] not ... protected conduct,"

and prison officials may take action in response to the prisoner's improper use of the grievance process as long as the response aligns with a legitimate penological goal. *King v. Zamiara*, 680 F.3d 686, 699 (6th Cir. 2012); *see also Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 864 (5th Cir. 2004) (to succeed on a First Amendment retaliation claim, a prisoner must establish that he exercised his rights "in a manner consistent with his status as a prisoner").

Plaintiff has not identified any specific grievance forming the foundation of a First Amendment retaliation claim against defendants Hogle and Novak. He has not presented evidence of specific conduct entitled to First Amendment protection. Plaintiff has not shown an action that was taken against him that would deter a person of ordinary firmness. Plaintiff has not identified what book he requested, when he requested it, or when that request was purportedly destroyed by defendants Hogle and Novak. Plaintiff is attempting to use the purported actions of others as an excuse for his theft of a law book. Plaintiff has not shown that any adverse action by defendants was motivated by constitutionally protected conduct. Defendants have shown that they would have taken the same actions if plaintiff had not filed grievances. The Court finds that defendants are entitled to judgment in their favor as a matter of law on plaintiff's First Amendment retaliation claims.

B.  Qualified Immunity

The claims of entitlement to qualified immunity asserted by defendants Hogle and Novak provide nothing of substance beyond what the Court examined in the

preceding section. Plaintiff invokes the Sixth Circuit's decision in *Thaddeus-X* as clearly establishing the First Amendment right against retaliation that he claims defendants violated. (ECF No. 85, PageID.764). Defendants offered no argument attempting to convince this Court that the Sixth Circuit's *en banc* decision in *Thaddeus-X* failed to clearly establish a prisoner's First Amendment right against retaliation in the grievance context. (ECF No. 83, PageID.712-15). The Court need not address the second prong of the qualified immunity analysis on plaintiff's retaliation claims, however. *See Pearson*, 555 U.S. at 232-36; *Hermansen*, 2017 WL 438225, at *2. The Court finds that defendants Hogle and Novak are entitled to summary judgment because plaintiff has not presented sufficient evidence on which a jury could reasonably find in his favor on his on his First Amendment retaliation claims. *See Thompson v. City of Lebanon, Tenn.*, 831 F.3d at 369-70.

## Conclusion

For the reasons set forth herein, defendant's motion for summary judgment (ECF No. 82 ) will be granted and judgment will be entered in favor of defendants on all plaintiff's claims.

Dated:  March 14, 2017           /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          United States District Judge